UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

CARLOS GARCIA,

                Plaintiff,        **MEMORANDUM & ORDER**

   -against-               13-CV-2868 (KAM)

PAYLOCK and
STATE of NEW YORK,

                Defendants.

-------------------------------X

**MATSUMOTO, United States District Judge**:

        Plaintiff Carlos Garcia commenced this action on April 16, 2013 in the Supreme Court of Queens County against defendants Paylock and the State of New York pursuant to the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. §§ 1981, 1983, and 1985(2), as well as the New York State Constitution and State and City human rights laws.  (*See generally* 2d Am. Compl., ECF No. 18.)  The action was removed to this court on May 14, 2013.[1]  (ECF No. 1.)  Paylock and New York State have filed motions to dismiss the claims against them.  (N.Y.S. Mot. to Dismiss, ECF No. 15; Paylock Mot. to Dismiss,

---

[1] Plaintiff filed an amended complaint on June 28, 2013, adding the State of New York as a defendant and dropping defendant Bart Blair.  (ECF No. 13.)  The operative complaint, the Second Amended Complaint, was filed on August 20, 2013, after defendant Paylock filed its fully briefed motion to dismiss with the court.  The Second Amended Complaint differs from the First Amended Complaint in that it clarifies that plaintiff is a United States citizen and has been since birth.  (*See* Order dated Aug. 20, 2013.)  Defendants' motions are directed against the Second Amended Complaint.  (*See* Order dated Aug. 22, 2013.)

ECF No. 19.)  In addition, Paylock has moved for a stay of discovery and for sanctions to be imposed against plaintiff. For the reasons set forth below, defendants' motions to dismiss are granted in their entirety, and plaintiff's complaint is dismissed with prejudice.  Paylock's motion to stay discovery is moot.  Finally, defendant Paylock's motion for sanctions is denied.

## **Background**

Plaintiff's Second Amended Complaint ("2d Am. Compl.") alleges the following facts, which the court, for the purposes of this motion, assumes to be true.  From July 2012 to February 12, 2013, plaintiff was an employee of defendant Paylock, a New Jersey business that contracts with the City of New York to scan license plates in order to determine whether the license plate holder has unpaid parking tickets.  (2d Am. Compl. ¶¶ 3, 6, 7.) In this role, plaintiff operated a vehicle able to scan license plates.  (2d Am. Compl. ¶ 7.)  On January 24, 2013, after his designated work hours, plaintiff identified a town car associated with unpaid parking tickets.  (2d Am. Compl. ¶ 11.) He informed the driver of the outstanding tickets and gave her information on how to pay the fines online in order to avoid having her car towed.  (2d Am. Compl. ¶¶ 12-14.)  Plaintiff states that, at some point during this exchange, the driver offered him "$100 without provocation, insisting that Plaintiff

take it and get coffee." (2d Am. Compl. ¶ 23.) The driver eventually threw the money into plaintiff's vehicle when plaintiff refused to take it. (2d Am. Compl. ¶¶ 24-25.) Plaintiff was unaware of the amount of money he had been given until he returned to his home. (2d Am. Compl. ¶ 26.)

After the town car was towed on January 25, 2013, the driver made a complaint to the office of the City Marshal, alleging that she gave plaintiff money to resolve the outstanding tickets, allegations plaintiff denies. (2d Am. Compl. ¶¶ 20, 22.) The complaint was forwarded to New York City's Department of Investigations (DOI). (2d Am. Compl. ¶ 27.) On February 7, 2013, DOI informed Paylock about the complaint, and plaintiff was suspended. (2d Am. Compl. ¶¶ 28-29.) On February 12, 2013, plaintiff was notified by a detective via telephone that he should surrender to the New York City Police Department. (2d Am. Compl. ¶¶ 34-35.) On February 12, 2013, Paylock was similarly notified of this fact, and Paylock's agents called plaintiff and terminated plaintiff's employment, referring to plaintiff's "taking money in the field." (2d Am. Compl. ¶¶ 34, 36, 40.) Plaintiff was subsequently charged with petit larceny and receipt of a commercial bribe in the second degree, in violation of New York Penal Law §§ 155.25 and 180.05, respectively. (2d Am. Compl. ¶ 37.) The case against plaintiff was adjourned in

contemplation of dismissal and restitution was ordered.[2]   (2d Am. Compl. ¶ 39).

Plaintiff now seeks monetary damages related to his termination, as well as attorney's fees and costs.   Both defendants have moved to dismiss all claims in the Second Amended Complaint.   Each defendant's motion will be addressed in turn.

## Discussion

I.   **State of New York's Motion to Dismiss**

The State of New York moves to dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]   Under Rule 12(b)(1), a claim is properly dismissed

---

[2] Pursuant to N.Y. Crim. Proc. Law § 170.55(a)-(b), an adjournment in contemplation of dismissal (or "ACD") "is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice" after a defendant is arraigned but before the defendant enters a plea of guilty or a trial against him begins. "Under New York law, an ACD is neither a conviction nor an acquittal." *Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 389 (S.D.N.Y. 2001) (citing *Hollender v. Trump Village Coop., Inc.*, 58 N.Y.2d 420, 423 (1983)). Under New York law, an ACD is considered a termination in favor of the accused. N.Y. Crim. Proc. Law § 160.50(3)(b); *see also Smith v. Bank of Am. Corp.*, 865 F. Supp. 2d 298, 303 (E.D.N.Y. 2012) (noting that ACDs are considered a favorable determination for the purpose of state discrimination laws but not for federal malicious prosecution claims).

[3] It is an open question in the Second Circuit whether the claims of sovereign immunity should be viewed as raising a question of subject matter jurisdiction, and thus be evaluated under Rule 12(b)(1), or as an affirmative defense analyzed under Rule 12(b)(6).   *See Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (citing *Wisconsin Dep't of COrr. V. Schact*, 524 U.S. 381, 391 (1998)).   The Supreme Court has, however, referred in *dicta* to Eleventh Amendment sovereign immunity as implicating subject matter jurisdiction, and, thus, the court will assume that the State's motion is properly made under Rule 12(b)(1).   *See Va. Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Gross v. New York*, 428 Fed. Appx. 52, 53 (2d Cir. 2011) (upholding the district court's dismissal of a

for lack of subject matter jurisdiction.  *See also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.").  In evaluating, as here, a facial challenge to the jurisdictional sufficiency of the complaint, a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."[4]  *Doyle v. Midland Credit Mgmt., Inc.*, No. 11-CV-5571, 2012 WL 5210596, at *1 (E.D.N.Y. Oct. 23, 2012), *aff'd* 722 F.3d 78 (2d Cir. 2013) (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001)).  Where the State seeks to dismiss a complaint based on sovereign immunity, it has the burden of demonstrating its entitlement to immunity.  *Woods v. Rondout Valley Cent. Sch. Dist. Bd. Of Educ.*, 466 F.3d 232, 237 (2d Cir. 2006).

---

complaint based on lack of subject matter jurisdiction, where the claims were barred by the State's sovereign immunity).

[4] A motion to dismiss pursuant to Rule 12(b)(1) may raise one of two types of challenges: "a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence." *U.S. Airlines Pilots Ass'n v. U.S. Airways, Inc.*, 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012) (internal citation omitted); *see also Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 887 n.15 (2d Cir. 1996) (describing a facial challenge to subject matter jurisdiction as one that "challenges the sufficiency of the jurisdictional facts alleged, not the facts themselves.").  In the instant case, the State asserts that the facts alleged in the complaint do not establish subject matter jurisdiction and thus makes a facial challenge.

In essence, plaintiff alleges that a provision of the state human rights law, New York Executive Law § 296(15),[5] violates his right to equal protection under the law, as protected by the Fourteenth Amendment of the United States Constitution and Article I, Section 11 of the New York Constitution.  (2d Am. Compl. ¶¶ 5, 47.)  Section 296(15) prohibits the denial of employment based solely on a person's prior criminal convictions.  Plaintiff asserts that, under Section 296, persons who have been accused of a crime receive fewer protections than those who have been convicted of the same crime and thus that the law is discriminatory.  (2d Am. Compl. ¶ 47.)  Based on his contentions regarding the constitutionality of N.Y. Exec. Law § 296, plaintiff alleges the State violated the Fourteenth Amendment of the federal Constitution, 42 U.S.C. §§ 1981, 1983, and 1985(2), as well as the State Constitution. (2d Am. Compl. ¶ 47.)

Plaintiff's claims against the State fail in their entirety because the State is immune from plaintiff's claims. "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law."

---

[5] Although the complaint alleges claims predicated on "N.Y. Exec. Law Sections 290-305" and "N.Y. Exec. Law Section 296(15) *et seq.*," subsection 296(15) appears to be the only provision of the cited law relevant to plaintiff's assertion that the law "impermissibly distinguish[es] between employment discrimination protection benefits given to persons convicted of a crime as compared to persons accused of the same crime."  (2d Am. Compl. ¶ 47.) Plaintiff's opposition to the State's motion to dismiss does not discuss other statutory provisions under state law.

*KM Enters., Inc. v. McDonald*, 518 Fed. Appx. 12, 13 (2d Cir. 2013) (citing U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 727-28 (1999)).  A state and its agencies may be sued in federal court only if Congress abrogates the state's immunity or the state waives its immunity.[6]  *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) (citing *Lapides v. Bd. of Regents of the Univ. Sys.*, 535 U.S. 613, 618 (2002); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)).

The State has not waived its immunity, nor has its immunity been abrogated, for the causes of action plaintiff has asserted pursuant to the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1985.[7]  On the contrary, "[i]t is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd of Regents*, 367 Fed. Appx. 191, 192 (2d

---

[6] The additional, "narrow caveat to state sovereign immunity is the doctrine . . . that 'the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief' against state officials 'to prevent a continuing violation of federal law.'" *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 406-07 (E.D.N.Y. 2010) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).  This doctrine does not apply because plaintiff has not sued any specific state officials and seeks only monetary relief.

[7] Although plaintiff appears to assert claims against the State pursuant to 42 U.S.C. § 1981, the Supreme Court has held that 42 U.S.C. § 1983 "constitutes the *exclusive* federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1979)) (emphasis in original).  In any event, the State has not waived its immunity as to Section 1981, and plaintiff's Section 1981 claims are also dismissed.  *See, e.g.*, *Buckley v. New York*, No. 11-CV-5512, 2013 WL 4023874, at *9 (E.D.N.Y. Aug. 7, 2013) (collecting cases).

Cir. 2010); *see also, e.g.*, *Pietri v. N.Y.S. Office of Court Admin.*, 936 F. Supp. 2d 120, 130 (E.D.N.Y. 2013) ("The state [of New York] has not waived its Eleventh Amendment immunity to claims brought under § 1983"); *Positano v. New York*, No. 12-CV-2288, 2013 WL 880329, at *6 (E.D.N.Y. Mar. 7, 2013) ("Plaintiff's § 1983 claims against the State are barred by the Eleventh Amendment sovereign immunity, for 'a state is not a "person" amenable to suit under § 1983'" (quoting *Caroselli v. Curci*, 317 Fed. Appx. 199, 202 (2d Cir. 2010))); *Thomas v. Calero*, 824 F. Supp. 2d 488, 498 (S.D.N.Y. 2011) ("A State's sovereign immunity is not abrogated by 42 U.S.C. § 1983." (citation omitted)).  Plaintiff's equal protection claims also may not be brought directly under the Fourteenth Amendment because the State has not waived its immunity or had that immunity abrogated pursuant to that constitutional amendment. *See Santiago v. N.Y.S. Dept. of Corr. Servs.*, 945 F.2d 25, 28-32 (2d Cir. 1991) (analyzing this question at length and holding that suits for retroactive damages against state agencies under the Fourteenth Amendment are barred by the Eleventh Amendment).

Section 1985 claims similarly may not be asserted against the State.  *See, e.g.*, *Davis v. New York*, 106 Fed. Appx. 82, 83 (2d Cir. 2004) (upholding the district court's dismissal of § 1985 and other claims against the State of New York based on its immunity under the Eleventh Amendment); *Scaglione v.*

*Mamaroneck Union Free Sch. Dist.*, 47 Fed. Appx. 17, 18 (2d Cir. 2002) (similarly dismissing § 1985 claims as to a state agency). *But cf. Emmons*, 715 F. Supp. 2d at 414 (dismissing a § 1985 claims against a state entity, reasoning that "[a]lthough it is not settled law whether § 1985 abrogates New York's immunity, it is well-settled that a State and its instrumentalities are not 'persons' subject to suit under § 1983 . . . and there is no reason to suspect the Congress intended the term 'persons' to take on a different meaning in § 1985." (internal quotation marks and citation omitted)).

Finally, to the extent plaintiff alleges that defendant has violated his rights under the Article 1, § 11 of the New York State Constitution, the State's sovereign immunity also bars plaintiff's claims against the State.  *See Herschman v. City Univ. of N.Y.*, No. 08-CV-11126, 2011 WL 1210200, at *9 (S.D.N.Y. Feb. 28, 2011) (citing *Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223, 237 n.10 (S.D.N.Y. 2005)); *Washpon v. Parr*, No. 06-CV-2400, 2007 WL 541964, at *1-2 (S.D.N.Y. Feb. 16, 2007) (collecting cases).

Plaintiff argues in response that the language of the Eleventh Amendment does not bar litigants from bringing suit against their home state.  (Pl. Mem. 12, ECF No. 23.)  Plaintiff cites to language from the Eleventh Amendment, read in isolation, that he claims supports his interpretation: "The

Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." However, courts have long interpreted the Eleventh Amendment to protect states "from suits brought by the state's own citizens." *Kozaczek v. N.Y. Higher Educ. Servs. Corp.*, 503 Fed. Appx. 60, 61 (2d Cir. 2012); *see also In re Charter Oak Assocs.*, 361 F.3d at 765 ("'Although the text of the Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts,' it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (quoting *Seminole Tribe of Fla.*, 517 U.S. at 54)).  Plaintiff's argument that the Eleventh Amendment permits plaintiff to bring a suit against New York, his home state, therefore fails.

Because the court finds that the Eleventh Amendment bars plaintiff's suit against the State and thus that the court does not have jurisdiction to hear it, the court need not address the State's argument that the plaintiff does not have standing to pursue this case.  For the foregoing reasons, plaintiff's claims against the State of New York are dismissed in their entirety.

## II.   Paylock's Motion to Dismiss

Defendant Paylock moves to dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted."   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Although the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party," *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir.2007), plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555. Indeed, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss."   *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir. 2006) (alterations in original) (internal quotation marks omitted).

Plaintiff asserts that he has sufficiently alleged that Paylock violated the following laws: 42 U.S.C. §§ 1981, 1983, 1985(2), N.Y.C. Admin. Code § 8-107, and N.Y. Exec. Law § 296.  For the reasons stated below, plaintiff fails to state

claims against Paylock pursuant to any of these statutes, and his claims against Paylock are also dismissed.  Plaintiff's federal and state claims are considered in turn.

### a. Federal Claims

Plaintiff alleges violations of the following federal statues: 42 U.S.C. §§ 1981, 1983, and 1985(2).  For the reasons set forth below, plaintiff's claims under each of these statutes fail as a matter of law.

### i. 42 U.S.C. § 1981

The complaint cannot be construed to state a claim pursuant to 42 U.S.C. § 1981.  Section 1981(a) guarantees "[a]ll persons within the jurisdiction of the United States . . . the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  Section 1981(c) further provides that the rights protected by subsection (a) "are protected against impairment by nongovernmental discrimination."  The statute "outlaws discrimination with respect to the enjoyment of benefits, privilege, terms, and conditions of a contractual relationship, such as employment." *Mazyck v. Metro. Transp. Auth.*, 893 F. Supp. 2d 574, 594 (S.D.N.Y. 2012) (quoting *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004)).

Plaintiff argues that Section 1981 should be understood to prohibit employment discrimination based on gender or "other class memberships, such as the class memberships relevant to this matter." (Pl. Mem. 3.) Although it is not clear from plaintiff's opposition papers or in his complaint, plaintiff presumably defines the class of which he was a member at the time of his termination as consisting of persons who have a criminal charge pending against them. Courts have long rejected plaintiff's expansive view of § 1981, however, and held that Section 1981 prohibits racial discrimination only. *See, e.g.*, *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) ("Section 1981 prohibits discrimination based on race. . . . Section 1981 does not prohibit discrimination on the basis of gender or religion, national origin, or age." (internal citations omitted)); *Hyunmi Son v. Reina Bijoux, Inc.* 823 F. Supp. 2d 238, 242 (S.D.N.Y. 2011) ("Only suits based on racial discrimination may be maintained under" Section 1981 (internal citation omitted)); *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 275 (S.D.N.Y. 1996) (citing *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988)) ("Section 1981 protects against racial or ethnic discrimination, nothing else."). Plaintiff not only fails to allege any discrimination related to race in his complaint, he expressly eschews that argument in his

13

papers.  For this reason, plaintiff's claim pursuant to Section 1981 fails and is dismissed.[8]

　　　　ii. <u>42 U.S.C. § 1983</u>

　　　　Plaintiff's claims against Paylock pursuant to Section 1983 must also be dismissed because plaintiff does not allege the state action necessary to invoke this section.  Section 1983 is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Corneio v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

---

[8] Even were plaintiff permitted to amend his complaint a third time to bring claims under Title VII of the Civil Rights Act, which prohibits discrimination in employment due to religion, sex and national origin, in addition to race and color, 42 U.S.C. § 2000e-16, plaintiff's claim based on his then-pending criminal charges would still fail.  While the court is not aware of any case law regarding termination due to a *pending* criminal charge, courts have not held that discrimination claims based on criminal record are cognizable under Title VII.  *See Williams v. City of New York*, 916 F. Supp. 2d 517, 524 n.3 (S.D.N.Y. 2013) (citing *Tubbs v. N.Y.C. Parks Dep't*, No. 12-CV-3322, 2012 WL 4838439 (E.D.N.Y. Oct. 10, 2012)) (noting that "Title VII does not address discrimination based on a criminal record"); *Quick v. Runyon*, No. 96-CV-474, 1997 WL 177858, at *1 (E.D.N.Y. Mar. 25, 1997) (holding that "criminal history cannot form the basis of a Title VII . . . claim").  Paylock also notes that plaintiff is further barred from bringing a Title VII claim because he has not exhausted his EEOC remedies as the statute requires.  (Paylock Mem. 8.)

"The 'first inquiry [under Section 1983], therefore, is whether the actions alleged by the plaintiff[] come within the definition of under color of state law." *Estiverne v. Esernio-Jenssen*, 833 F. Supp. 2d 356, 367 (E.D.N.Y. 2011) (quoting *Carlos v. Santos*, 123 F.3d 61, 65 (2d Cir. 1997)). "The Supreme Court has recognized that an individual is acting under color of state law when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 744 (2d Cir. 2003) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("A private actor may be liable under § 1983 only if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (internal quotation marks and citation omitted)).

Even interpreting plaintiff's complaint liberally, defendant Paylock was not operating under color of state law when it allegedly violated plaintiff's rights by terminating his employment.  It is undisputed that Paylock is a private corporation based in New Jersey.  (2d Am. Compl. ¶ 3.) Plaintiff argues that defendant nonetheless acted under color of state law because, as a foreign corporation, Paylock is required to obtain permission from the State of New York to do business

15

within the state.  (Pl. Mem. 9 (citing N.Y. Bus. Law § 1301(a)).
This argument is unpersuasive.  Courts have held that "[a]ction
by a private entity pursuant to statutory authorization retains
its private character and is not actionable under Section 1983."
*Tancredi v. Metro. Life Ins. Co.*, 149 F. Supp. 2d 80, 84
(S.D.N.Y. 2001) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526
U.S. 40, 50 (1999); *Lugar v. Edmondson*, 457 U.S. 922, 939
(1982); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164-65
(1978)) (holding that a mutual insurance company's conversion to
a stock insurance company pursuant to New York law did not
render it liable under Section 1983); *see also Barroga-Hayes v.
Susan D. Settenbrino, P.C.*, No. 10-CV-5298, 2012 WL 1118194, at
*9 (E.D.N.Y. Mar. 30, 2012) ("[T]he mere fact that a business is
subject to state regulation does not by itself convert its
action into that of the State for purposes of the Fourteenth
Amendment." (quoting *Sullivan*, 526 U.S. at 52)).

       Moreover, the facts set forth in the complaint do not
establish that Paylock's termination of plaintiff is an action
"that may be fairly considered that of the State itself."
*Sykes*, 723 F.3d at 406.  Specifically, the minimal allegation in
the complaint regarding Paylock's contract with New York City to
scan license plates (2d Am. Compl. ¶ 3) does not render the
company a state actor.  The Supreme Court has made clear that
the "[a]cts of . . . private contractors do not become acts of

16

the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982); *accord Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 492 (2d Cir. 2009)(holding that the mere fact of a private entity's contract with the government to supplement postal service did not make the company a state actor); *Grogan v. Blooming Grove Volunteer Ambulance Corp.*, 917 F. Supp. 2d 283, 288 (S.D.N.Y. 2013) (finding that a private emergency services provider was not operating under color of state law, even though it received public funds).

Here, the fact that the police and DOI communicated with Paylock about the investigation and plaintiff's impending arrest (2d Am. Compl. ¶¶ 27, 29, 34) similarly does not establish that Paylock was operating under color of state law when it terminated plaintiff's employment. *See, e.g.*, *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) (holding that the "provision of background information to a police officer does not by itself make [a defendant] a joint participant in state action under Section 1983." (collecting cases)).

Because plaintiff has not adequately alleged that Paylock operated under color of state law, his claims pursuant to Section 1983 are dismissed.

### iii. 42 U.S.C. § 1985(2)

Plaintiff's final federal claim against Paylock, made pursuant to 42 U.S.C. § 1985(2), appears to be wholly unrelated to the allegations in the complaint.  Section 1985(2) permits a private party to bring suit

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . . ; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

The first clause of Section 1985(2) thus prohibits "conspiracies to obstruct justice in federal courts, while the second clause involves conspiracies to obstruct justice in state courts." *Simon v. City of N.Y.*, 2012 WL 4863368, at *5 (E.D.N.Y. Oct. 11, 2012).  Nowhere in his complaint does plaintiff make any allegations related to obstruction of justice or interference with any state or federal judicial process.

Even if plaintiff's complaint were interpreted to invoke Subsection 1985(3)'s broad prohibition on conspiracies "for the purpose of depriving . . . any person or class of persons of the equal protection of the laws," he does not state

a claim under this section of the law.  "In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."  *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal citations and quotation marks omitted); *see also, e.g.*, *Talley v. Brentwood Union Free Sch. Dist.*, 728 F. Supp. 2d 226, 234 (E.D.N.Y. 2010) (noting that members of the same organization or entity cannot legally conspire together for the purposes of Section 1985).  Plaintiff does not allege any type of conspiracy between two or more persons or entities in his complaint.  For that reason, plaintiff has not stated a claim pursuant to Section 1985, and those claims are dismissed.

      b. State Law Claims

       In addition to his federal claims, plaintiff argues that Paylock has violated both New York City and State human rights laws, N.Y.C. Admin. Code § 8-107 and N.Y. Exec. Law § 296.  The relevant provisions of these codes are substantively identical and prohibit an employer's inquiry into or adverse action based on "any arrest or criminal accusation of [an] individual *not then pending* against that individual," that was resolved in that individual's favor.  N.Y. Exec. Law § 296(16) (emphasis added); *see also* N.Y.C. Admin. Code § 8-107(11).

Plaintiff has not in fact alleged a violation of these laws because the criminal accusation against him was pending at the time of his termination and had not been resolved in his favor. (*See* 2d Am. Compl. ¶¶ 35-37, 39.) The court can find no authority, and plaintiff has presented none, indicating that the City and State provisions should be interpreted to encompass plaintiff's situation. To the contrary, the court is mindful that, in general, "when the statute's language is plain, the sole function of the courts . . . is to enforce [the statute] according to its terms." *Vincent v. The Money Store*, 736 F.3d 88, 109 (2d Cir. 2013) (quoting *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004)). For these reasons, plaintiff's state law, as well as his federal law, causes of action against defendant Paylock are dismissed.

### III. Leave to Replead

The court dismisses plaintiff's claims against the State and Paylock without leave to replead. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." Therefore, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (citations omitted). A court may, however, dismiss a plaintiff's claims without leave to amend when the proposed amendments would be futile. *See Ruotolo v.*

*City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 381 U.S. 178, 182 (1962)).  An amendment to the complaint is futile if the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  Leave to amend may also be denied where previous amendments have not cured the complaint's deficiencies. *Ruotolo*, 514 F.3d at 184 (citing *Foman*, 381 U.S. at 182); *see also DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim." (collecting cases)).

Here, plaintiff has twice amended his complaint, in each instance failing to allege facts that would entitle him to relief under either federal or state law.  Because further amendments to the complaint would not cure the deficiencies discussed in this Memorandum and Order, any amendment would be futile.  Plaintiff's complaint is, therefore, dismissed with prejudice.  *See, e.g.*, *Ariel (UK) Ltd. V. Reuters Grp., PLC*, 277 Fed. Appx. 43, 45-46 (2d Cir. 2008) (holding that the district court did not abuse its discretion in not *sua sponte* granting leave to amend following dismissal of the complaint where

21

plaintiff "had already amended its complaint once, and any amendment would have been futile." (internal citation omitted)).

### IV.  Paylock's Motion for Sanctions

Paylock also moves to impose sanctions upon plaintiff, including an award of Paylock's fees and costs, pursuant to Federal Rule of Civil Procedure 11(c).  (Paylock Mem. 12-13.) Although plaintiff has not responded to the sanctions branch of defendant's motion, the court denies the motion because it does not comply with Rule 11.

Pursuant to Rule 11(c)(2), any "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  While such motion should be served upon the opposing party, it may not be filed with the court until that party has twenty-one days to withdraw or amend the challenged papers.  *Id.*  "Any motion seeking Rule 11 sanctions that does not comply with these provisions must be denied."  *Intravaia v. Rocky Pt. Union Free Sch. Dist.*, 919 F. Supp. 2d 285, 295 (E.D.N.Y. 2013) (citing *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008); *Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010)).

It does not appear that Paylock complied with either of these procedural requirements.  Paylock brought the sanctions motion as part of its motion to dismiss.  There is also no

22

indication that Paylock gave plaintiff the opportunity to correct his papers before filing the motion.[9]  Therefore, defendant's motion for sanctions is denied.

Rule 11(c) also provides that a court may, after notice and opportunity to respond, sanction an attorney who violates Rule 11(b), including by submitting to the court a pleading in which "the claims, defenses, and other legal contentions are [not] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  The court previously "informed plaintiff's counsel that should defendant [Paylock's] motion to dismiss ultimately be granted, the court will be inclined to order plaintiff's counsel to show cause as to why sanctions should not be levied against him pursuant to Rule 11(c)."  (Minute Entry dated June 7, 2013.)  Moreover, the law governing plaintiff's claims is so well-settled that plaintiff's counsel should have been aware that those claims would fail, and plaintiff's counsel has been warned about pressing such ill-founded claims previously.  *See Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *16-18, 21 (S.D.N.Y. Jan. 27, 2012), *report and recommendations adopted by* 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012); *Bibb v.*

---

[9] Paylock previously served a motion to dismiss, and plaintiff amended the complaint in response.  (*See* Shapiro Decl. ¶ 7, ECF No. 20.)  Defendant did not move for sanctions at that time.  (Shapiro Decl. Ex. E.)

*N.Y.C. Housing Auth.*, No. 09-CV-9956, 2010 WL 3958646, at *6-7 (S.D.N.Y. Sept. 30, 2010); *see also Dvorkin v. New York-Presbyterian Hosp.*, No. 10-CV-3680, 2011 WL 280801, at *4 (S.D.N.Y. Jan. 19, 2011) (upholding in part the imposition of sanctions on counsel for violating a court order).

Nonetheless, in light of the dismissal of all claims in the case without leave to replead, and in the interest of not protracting the litigation, the court now declines to order a response from plaintiff regarding sanctions. However, the court cautions plaintiff's counsel to proceed with greater care in the future.

## Conclusion

For the foregoing reasons, defendants' motions to dismiss are granted in their entirety, and plaintiff's complaint is dismissed in its entirety with prejudice. As a result of this ruling, Paylock's motion to stay discovery is moot, and the court denies Paylock's motion for sanctions. The Clerk of Court is respectfully requested to close the case.

**SO ORDERED.**

Dated:    Brooklyn, New York
          January 28, 2014

_____/s_____
KIYO A. MATSUMOTO
United States District Judge