```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
```

CARLOS GARCIA,

                Plaintiff,        **MEMORANDUM & ORDER**

   -against-                   13-CV-2868 (KAM)

PAYLOCK and
STATE of NEW YORK,

                Defendants.

```
-------------------------------X
```
**MATSUMOTO, United States District Judge**:

      On April 16, 2013, plaintiff Carlos Garcia commenced this action in the Supreme Court of Queens County against defendants Paylock and Bart Blair.  The case was removed to this court on May 14, 2013.  (ECF No. 1.)  On August 20, 2013, plaintiff filed the operative Second Amended Complaint, pursuant to the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§ 1981, 1983, and 1985(2), as well as the New York State Constitution and State and City human rights laws.[1]  (*See generally* 2d Am. Compl., ECF No. 18.)  Defendants moved to dismiss the Second Amended Complaint.  (ECF Nos. 15, 19.)  By order dated January 28, 2014, the court granted defendants' motions in their entirety and dismissed plaintiff's complaint

---

[1] Plaintiff filed an amended complaint on June 28, 2013, adding the State of New York as a defendant and dropping defendant Bart Blair.  (ECF No. 13.)  The Second Amended Complaint differs from the First Amended Complaint in that it clarifies that plaintiff is a United States citizen and has been since birth.  (*See* Order dated Aug. 20, 2013.)

with prejudice.  Plaintiff moved for reconsideration of the court's order and relief from the judgment entered in the case, and the court denied the motion on February 19, 2014.

Presently before the court is plaintiff Carlos Garcia's motion for leave to proceed in forma pauperis ("IFP") pursuant Federal Rule of Appellate Procedure 24.  ("IFP Mot.," ECF No. 36.)  Plaintiff moves for IFP status in order to appeal the court's orders granting defendants' motions to dismiss and denying plaintiff's motion for reconsideration and relief from the judgment.  For the reasons stated below, the instant motion is denied.

"[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court," with an affidavit attesting to "the party's inability to pay or to give security for fees and costs," "claim[ing] an entitlement to redress;" and "stat[ing] the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1).  The decision to grant an IFP motion is within the discretion of the district court.  *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010).  A litigant may not take an appeal *in forma pauperis* if the district court certifies in writing that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); *see also In re Nassau Cnty. Strip Search Cases*, No. 99-CV-2844, 2010 WL 4201813, at *1 (E.D.N.Y. Sept. 29, 2010)

(denying a motion for IFP status on appeal because the application did not include "the claimed errors which will be the basis for the appeal" and because any appeal would not be taken in good faith).

Plaintiff, through his attorney Eric Suffin, has submitted an affidavit attesting to the fact that his monthly expenses exceed his income and that he would be unable to pay the filing fee for his appeal. (Pl. Decl., ECF No. 36-2.) Plaintiff has not, however, identified particular aspects of the court's orders he wishes to challenge or an entitlement to relief. Instead, plaintiff has attached copies of the briefs he previously submitted to the court in opposition to defendants' motions to dismiss and in support of plaintiff's motion to vacate the judgment. (*Compare* ECF Nos. 36-3 and 36-4 *with* ECF Nos. 23, 33; *see also* Suffin Decl. ¶ 5, ECF No. 36-1 (stating that the basis of plaintiff's appeal will be the brief he previously submitted in support of his motion to vacate).) *See also Frias v. United States*, No 09-CV-2537, 2011 WL 832903, at *2 (S.D.N.Y. Mar. 4, 2011) ("a failure to state the issues that a petitioner intends to present on appeal hinders the district court's task of determining whether an appeal is taken 'in good faith.'") (internal citation omitted).

Moreover, the court certifies that this appeal would not be taken in good faith. As the court observed in its order

granting defendants' motions to dismiss, the "law governing plaintiff's claims is so well-settled that plaintiff's counsel should have been aware that that those claims would fail." (Order Granting Mots. to Dismiss at 23, ECF No. 27.) Similarly, plaintiff's motion to vacate the dismissal of his complaint was denied because the majority of plaintiff's arguments were "precluded by well-established Supreme Court jurisprudence." (Order on Mot. to Vacate at 4.) For those reasons, the court ultimately found plaintiff's motion for relief from the judgment to be frivolous. (*Id.*) By merely rehashing his previous, meritless arguments, plaintiff has not presented a good faith basis for an appeal.

For the foregoing reasons, plaintiff's motion for leave to proceed *in forma pauperis* on appeal is denied. The Clerk of Court is respectfully requested to notify the parties and the Court of Appeals of the instant decision, as required by Federal Rule of Appellate Procedure 24(a)(4).

**SO ORDERED.**

                                              _____/s_____
                                              KIYO A. MATSUMOTO
                                              United States District Judge

Dated: Brooklyn, New York
       April 7, 2014